28 F.3d 1217
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael D. ROTZINGER, Defendant-Appellant.
 No. 93-3602.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1994.*
Decided July 15, 1994.
 
 Before CUDAHY, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Michael D. Rotzinger pleaded guilty to four counts of contempt of federal court in violation of 18 U.S.C. Sec. 401(3). Rotzinger's guilty plea was not made pursuant to a plea agreement. The district court sentenced Rotzinger to four concurrent terms of 21 months' imprisonment followed by three years of supervised release. Rotzinger appeals his sentence and asserts that the district court should have reduced his offense level by two levels for acceptance of responsibility under the Sentencing Guidelines. U.S.S.G. Sec. 3E1.1(a). We affirm.
 
 
 2
 On July 7, 1988, Chief Judge Mihm entered a permanent injunction enjoining Rotzinger from acting as an income tax preparer at any time in the future. The injunction expressly stated that any violation of the order would be enforceable by contempt proceedings. Rotzinger was subsequently indicted on six counts of contempt of court for willfully disobeying the injunction. Rotzinger initially pleaded not guilty, and a jury trial began. Rotzinger's theory of defense was that he did not violate the injunction because he was not personally compensated for preparing the income tax returns (apparently his clients paid a corporation controlled by Rotzinger). The district court rejected this theory of defense as well as Rotzinger's proposed jury instruction defining the term "income tax preparer" as inaccurate statements of the law. Jury Instruction Conference Tr. at 12-14. Rotzinger then pleaded guilty to four counts of contempt. The district court granted the government's motion to dismiss the two remaining counts of the indictment. Sentencing Hr'g Tr. at 14.
 
 
 3
 Guideline Sec. 3E1.1(a) provides for a two-level reduction in a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. Sec. 3E1.1(a). 1992 Application Note 1 lists several non-exclusive factors to be considered in determining whether a defendant is entitled to a reduction, including "truthfully admitting the conduct comprising the offense of conviction." U.S.S.G. Sec. 3E1.1 Application Note 1 (Nov. 1, 1992). The commentary provides, however, that "[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." U.S.S.G. Sec. 3E1.1 Application Note 3 (Nov. 1, 1992). 1992 Application Note 2 provides:
 
 
 4
 This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g. to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.
 
 
 5
 U.S.S.G. Sec. 3E1.1 Application Note 2 (Nov. 1, 1992). This commentary to Guideline Sec. 3E1.1(a) is authoritative. Stinson v. United States, 113 S.Ct. 1913, 1915 (1993).
 
 
 6
 The question of whether a defendant has accepted responsibility under the Guidelines is a factual finding which we review for clear error. United States v. Corral-Ibarra, Nos. 91-3036 & 91-3093, slip op. at 17 (7th Cir. May 23, 1994); United States v. Osmani, 20 F.3d 266, 269 (7th Cir.1994); United States v. Guadagno, 970 F.2d 214, 224 (7th Cir.1992). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. Sec. 3E1.1 Application Note 5 (Nov. 1, 1992). "We defer to the sentencing judge when weighing the defendant's credibility regarding his acceptance of responsibility because the judge has the best 'opportunity to observe the verbal and nonverbal behavior of the witnesses focusing on the subject's reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements,' as well as confused or nervous speech patterns in contrast with merely looking at the cold pages of an appellate record."[1] United States v. Tolson, 988 F.2d 1494, 1497 (7th Cir.1993) (emphasis in original) (citation omitted). Rotzinger must also establish his right to a reduction for acceptance of responsibility by a preponderance of the evidence. Id.
 
 
 7
 Rotzinger asserts he is entitled to a reduction because this is a "rare situation" within the meaning of the Guidelines commentary in which he went to trial solely to challenge the applicability of the statute defining "income tax return preparers" to his conduct. Appellant's Br. at 6. Rotzinger asserts that once the district court rejected this defense, he immediately entered a plea of guilty and clearly demonstrated an acceptance of responsibility for his conduct. Appellant's Br. at 6. The district court rejected this argument:
 
 
 8
 So the most clearly I can state this, he did plead guilty, he did truthfully admit the conduct comprising the offense, but in my view he--if today the question was put to him, he would still insist that he really had done nothing wrong and did not really believe that he had violated the law. He has surrendered to the system and that's all that he has done. I don't believe he has really accepted responsibility ...
 
 
 9
 [T]here's no question in my mind what's in your mind, that you ended up pleading guilty here not because you really believed you had done anything wrong, but because you believed that a finding of guilty was inevitable. I do not believe that you have ever accepted real responsibility for the fact that you were in violation of the order of the Court.
 
 
 10
 Sentencing Hr'g Tr. at 7, 17.
 
 
 11
 The district court's finding is not clearly erroneous. Even in the "rare situation" in which a defendant goes to trial solely to challenge the applicability of a statute to his conduct, the commentary to the Guidelines states that the determination of whether a defendant has accepted responsibility should be based "primarily upon pre-trial statements and conduct." U.S.S.G. Sec. 3E1.1 Application Note 2 (Nov. 1, 1992). Rotzinger informed an investigator of the Internal Revenue Service ("IRS") prior to trial that he did not agree with the injunction entered by Chief Judge Mihm, and the IRS estimated that Rotzinger prepared at least 450 tax returns subsequent to the entry of the injunction in complete disregard of the authority of the district court. Rotzinger stubbornly adhered to this position even after pleading guilty to contempt, informing the probation officer preparing the presentence investigation report that he did not agree with the injunction. Rotzinger's counsel stated at the sentencing hearing that "I don't think even today the Mr. Rotzinger would be willing to say he agrees with the court order." Sentencing Hr'g Tr. at 3. Other than his guilty plea, there is nothing in the record which indicates that Rotzinger has clearly accepted responsibility for his offenses, and the commentary makes clear that a guilty plea does not entitle a defendant to a reduction as a matter of right. U.S.S.G. Sec. 3E1.1 Application Note 3 (Nov. 1, 1992). "Judicial inquiry into acceptance of responsibility is a search for expiatory deeds and, failing those (for the defendant may have had no opportunity to perform such deeds), for conscience." United States v. Beserra, 967 F.2d 254, 256 (7th Cir.), cert. denied, 113 S.Ct. 419 (1992). Rotzinger has not atoned for his deeds, and the district court did not clearly err in finding insufficient evidence of conscience (for the record contains no such evidence).
 
 
 12
 AFFIRMED.
 
 
 
 *
 Pursuant to an order of this court on February 11, 1994, the appeal has been submitted on the briefs and record
 
 
 [1]
 Perhaps as a result of the deference we owe to district courts in reviewing these determinations, we have never reversed a district court's refusal to award a reduction for acceptance of responsibility for a defendant's "post-trial change of heart," or even when a defendant pleads guilty well in advance of trial. United States v. Gomez, Nos. 92-3960, 92-3995, 93-1534, & 93-1567, slip op. at 2 (7th Cir. May 16, 1994)