86 F.3d 1158
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kimmie D. SWANGIM, Defendant-Appellant.
 Nos. 94-3983, 94-3984.
 United States Court of Appeals, Seventh Circuit.
 Argued April 24, 1996.
Decided May 15, 1996.
 
 Before POSNER, Chief Judge, and COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Following a jury trial, defendant Kimmie D. Swangim was found guilty of possession of firearms by a felon. Throughout the proceedings before the district court, he admitted possessing the firearms in question. However, he pled not guilty and requested a jury trial because he wanted the date of possession to be prior to November 1, 1991, the effective date of the amendments to the Sentencing Guidelines that mandated a significantly higher sentence.[1] Mr. Swangim was arrested November 8, 1991, one week after the amendment went into effect. He now appeals from the district court's refusal to grant him a reduction for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines.
 
 
 2
 Section 3E1.1 of the Guidelines permits a decrease in offense level if "defendant clearly demonstrates acceptance of responsibility for his offense. The Commentary includes Application Note 2, which provides:
 
 
 3
 This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.
 
 
 4
 U.S.S.G. § 3E1.1, n. 2 (1994). The findings under § 3E1.1 are factual determinations, and the district court's findings will not be disturbed absent clear error. United States v. Osmani, 20 F.3d 266, 269 (7th Cir.1994); see also U.S.S.G. § 3E1.1 comment. (n. 5). It is defendant's burden to prove by a preponderance of the evidence that he is entitled to the reduction under § 3E1.1. United States v. Francis, 39 F.3d 803, 807 (7th Cir.1994). Our review of the transcript makes clear that the district court was under no misapprehension as to its authority to grant the adjustment.
 
 
 5
 Mr. Swangim failed to meet his burden of demonstrating to the sentencing court that he merited the reduction for acceptance of responsibility. He chose to proceed to trial before a jury; he filed numerous pre-trial and post-trial motions; and he refused to participate in an interview with a probation officer unless the assigned officer was replaced by another. He also escaped from custody while awaiting sentencing on the firearm charge. The district court was also entitled to consider that Mr. Swangim's decision to go to trial instead of pleading guilty was based on his desire to get a lower sentence, a motivation which does not necessarily indicate remorse and acceptance of responsibility. See United States v. Velez, 46 F.3d 688, 693-94 (7th Cir.1995); United States v. Gomez, 24 F.3d 924, 926 (7th Cir.1994). His remaining arguments certainly do not require reversal of the district court's decision. Mr. Swangim argues that he refrained from challenging the government's proof; this court has previously rejected a similar argument. United States v. Morgano, 39 F.3d 1358, 1378 (7th Cir.1994). Mr. Swangim also attempts to equate his challenge to the date of offense to that of a defendant's going to trial to challenge the constitutionality of a statute under which he is charged or of a defendant's alleging entrapment. But these situations place in issue the government's legal right to obtain a conviction.
 
 
 6
 Here, the sentencing court unquestionably was faced with a defendant who "put the government to its burden." See United States v. Robinson, 20 F.3d 270, 274 (7th Cir.1994); United States v. Francis, 39 F.3d at 808-09. The district court acted well within its discretion in denying the reduction.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Effective November 1, 1991, the Sentencing Guidelines were amended to raise the base offense level for a convicted felon in possession of a weapon from 12 to 24. U.S.S.G. § 2K2.1(a)(2)