151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
John ZAMBRANA, Defendant-Appellant.
 No. 97-3657.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 30, 1998.
Decided July 30, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin. No. 97 CR 25 C 01 Barbara B. Crabb, Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 On March 26, 1996, prison officials at the Federal Correctional Institution in Oxford, Wisconsin learned from a confidential informant that inmate John Zambrana, with the help of his wife, was likely smuggling contraband into the prison. On March 30, 1996, prison officials closely observed Zambrana and his wife during a visitation period and watched as Zambrana's wife returned from the ladies' restroom and gave her husband a lengthy kiss. After the kiss ended, prison officials noticed a lump in Zambrana's cheek that disappeared after Zambrana took several sips of soda. Prison officials placed Zambrana in dry cell, where some ten days later he excreted eight balloons containing marijuana and one balloon containing heroin. The government indicted him on one count of conspiring to violate 18 U.S.C. § 1791(a) by agreeing to provide prohibited objects to an inmate in a federal prison in violation of 18 U.S.C. § 371, and on one count of possessing contraband items in a federal correction institution in violation of 18 U.S.C. § 1791(a)(2). Zambrana pleaded guilty and the district court sentenced him to five years' imprisonment on the first count and ten years' imprisonment on the other count, both sentences to run concurrently. Zambrana requested his counsel to file an appeal of his conviction and sentence, but counsel refused and instead seeks to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considers an appeal to be without merit or possibility of success. Zambrana was notified of the opportunity to file a response to the Anders brief pursuant to Circuit Rule 51(a) by April 6, 1998. See United States v. Tabb, 125 F.3 583, 584 (7th Cir.1997). On March 13, 1998, Zambrana filed a motion for re-appointment of counsel or for additional time, in which he raised a number of issues he believes are viable on appeal; however, he did not file a response. On May 22, 1998, Zambrana filed a motion to file a supplemental brief, which we construed as a request to file a response to the Anders brief, and which we correspondingly granted. Zambrana then neglected to file a brief Nevertheless, we will construe Zambrana's motion for re-appointment of counsel as his response to the Anders brief and accordingly address the issues raised therein. We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Counsel states four possible grounds for appeal. First, Zambrana could argue that although he pleaded guilty to conspiring to obtain and possess contraband, he did not know that One of the balloons contained heroin. Accordingly, he could argue that he lacked the specific intent to possess heroin and thus should not receive the harsh 120-month sentence that ensued from the possession of this drug.[1] This argument is without merit because 18 U.S.C § 1791 does not require proof of specific intent. In United States v. Fox, 845 F.2d 152 (7th Cir.1988), we rejected the defendant's contention that conviction under the statute required proof that he specifically intended to use a contraband item (a nail) as a weapon. Rather, we held that "Congress intended the crime defined by that provision to incorporate a mens rea element of knowing or intentional possession, as distinguished from intent to use an object as a weapon." Id. at 156. The same basic analysis applies in this case. Zambrana pleaded guilty to knowing and intentional possession of contraband. This plea satisfied the mens rea element of the statute. The fact that Zambrana misunderstood the exact contents of the balloons he ingested is irrelevant to an analysis of whether he violated the statute. See also United States v. Osmani, 20 F.3d 266, 268 (7th Cir.1994) (affirming jury instruction stating that the government need only prove that the defendant possessed some controlled substance, as opposed to proving that the defendant knew the exact nature of the controlled substance in his possession).
 
 
 3
 Second, Zambrana might potentially argue on appeal that his sentence for heroin possession was unusually harsh in light of the heroin's extremely low purity level. We agree with counsel that this claim would be frivolous. First, this court has made clear that the quantity of drugs involved is not a substantive element of a drug offense. United States v. Rodriguez, 67 F.3d 1312, 1317 (7th Cir .1995) (listing cases). Second, § 1791(b)(1) permits a sentence of up to twenty years for possession of a narcotic drug such as heroin. Zambrana's ten-year sentence was well within the permissible sentencing range.
 
 
 4
 Third, Zambrana could argue that the district court improperly assigned a base offense level of 26. However, this argument also would be frivolous. Section 2P1.2(c)(1) of the United States Sentencing Guidelines specifically provides that "if the defendant is convicted under 18 U.S.C. § 1791(a)(1) and is punishable under 18 U.S.C. § 1791(b)(1), and the resulting offense level is less than level 26, increase to level 26." This directive is also applicable to a conviction for conspiring to violate § 1791(a). See U.S.S.G. § 1B1.3, Application Note 6. Zambrana was convicted of conspiring to violate 18 U.S.C. § 1791(a). Therefore, the district court properly adjusted Zambrana's base offense level to 26.
 
 
 5
 Finally, Zambrana could argue that the district court improperly enhanced his sentence by two points pursuant to U.S.S.G. § 3B1.1(c) for being a manager or supervisor in regards to the charged offenses. The district court found that Zambrana had convinced his wife to participate in the drug smuggling scheme, told her what to do, and directed the whole operation. We agree with counsel that Zambrana would be hard pressed to point to anything in the record indicating that the court's decision was clearly erroneous. See United States v. Hall, 101 F.3d 1174, 1176 (7th Cir.1996) ("Although a district court's interpretation of the Sentencing Guidelines is reviewed de novo, its findings of fact at sentencing are reviewed for clear error.") (citation omitted). Accordingly, this argument would be meritless on appeal.
 
 
 6
 Zambrana's response to counsel's Anders brief raises three additional bases of appeal. First, he claims his counsel's performance was deficient because counsel failed to file pretrial motions to suppress evidence; failed to pursue issues pertaining to criminal intent and urged him to plead guilty in lieu of pretrial and trial motions; and engaged in plea negotiations without his permission and against his wishes. Typically, claims of ineffective assistance of counsel are inappropriate on direct appeal because determination of the matter requires evidence that is outside of the trial record. United States v. Brooks, 125 F.3d 484, 495 (7th Cir.1997); United States v. Woolley, 123 F.2d 627, 634 (7th Cir.1997). In this case, we believe the issues raised require an assessment beyond the scope of the present record. Zambrana does not indicate, for instance, what evidence he wished his attorney had suppressed prior to trial or how his counsel failed to "investigate claims of appellant as to illegal search [and] seizure." Because the record "does not provide clear evidence of the ineffective assistance of counsel," the problem is "not ripe for adjudication at the appellate level." United States v. Lang, 644 F.2d 1232, 1240 (7th Cir.1981). Zambrana would be better served to bring this claim under 28 U.S.C. § 2255, where he could ask for an evidentiary hearing and call his counsel as a witness. United States v. Taglia, 922 F.2d 413, 418 (7th Cir.1991).
 
 
 7
 Second, Zambrana contends that the district court "made conclusions as to various departures, but made no explicit findings." We believe this argument refers to the district court's decision to enhance his sentence by two points for being a manager or supervisor. This argument is meritless because it is directly contradicted by the sentencing transcript, wherein the district court explained its reason for enhancing his sentence.
 
 
 8
 Finally, Zambrana argues that the district court made conclusions as to the quantity, type and amount of drugs found in the balloons, but never made any explicit findings. Again, this argument lacks merit. The district court expressly stated at the sentencing hearing that it was adopting the sentencing recommendation prepared by the probation office. The probation department based its sentencing recommendation on the net weight of the marijuana and heroin recovered from Zambrana's ingested balloons. The PSI indicates that the net weight of the recovered marijuana recovered was 9.4 grams, and the net weight of the recovered heroin mixture was 3.9 grams. The PSI also explains that the heroin mixture was comprised of heroin, monoacetylmorphine, and various adulterants. Moreover, at the sentencing hearing, Zambrana introduced into evidence the results of the tests run on the marijuana and heroin recovered from the balloons. The test results contained in this exhibit corresponded exactly with the test results contained in the PSI.
 
 
 9
 Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 [1]
 Possession of marijuana in violation of 18 U.S.C. § 1791 carries a maximum five-year sentence. By contrast, possession of a narcotic drug such as heroin carries a maximum twenty-year sentence