62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Flora JOHNSON, Defendant-Appellant.
 No. 93-2983.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1995.
Decided July 13, 1995.
 
 Before POSNER, Chief Judge, and PELL and CUDAHY, Circuit Judges.
 
 ORDER
 
 1
 Following a jury trial, Flora Johnson was found guilty of possession with intent to distribute cocaine and possession of a firearm during a drug trafficking crime. 18 U.S.C. Sec. 924(c); 21 U.S.C. Sec. 841(a)(1), (2). Retained counsel represented Johnson through the pretrial proceedings and trial but withdrew from the case before sentencing. The district court appointed attorney Daniel O'Day to represent Johnson. Attorney O'Day filed a motion to withdraw as appellate counsel accompanied by a brief supporting his belief that an appeal would be frivolous in this case in accordance with Circuit Rule 51(a) and Anders v. California, 386 U.S. 738 (1967). Because the trial transcript had not been fully transcribed, we ordered counsel to obtain the missing excerpts of the transcript and to supplement or withdraw the Anders brief. O'Day filed a supplemental Anders brief. Upon consideration of these briefs[1] and Johnson's response,[2] we are satisfied that there are no grounds for a nonfrivolous appeal. Penson v. Ohio, 488 U.S. 75, 83 (1988) (quoting McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988). Accordingly, we grant the attorney's motion and dismiss the appeal.
 
 
 2
 Before trial, defense counsel moved to suppress the handgun which had been found inside the glove compartment of Johnson's vehicle on the night of her arrest. At the suppression hearing, Johnson conceded that she and a passenger were stopped by two state troopers for driving a vehicle with only one headlight en route to Peoria, Illinois from Chicago. According to the state troopers' testimony, when Johnson opened the glove compartment to retrieve proof of her insurance, the officer standing on the passenger side noticed the gun. After retrieving the loaded weapon, the officers asked Johnson to step out of the vehicle and arrested her for unlawful use of a weapon. See 720 ILCS 5/24-1(a)(4). They subsequently recovered hand-rolled cannabis cigarettes from Johnson's purse and a small amount of cannabis in a manila envelope which fell from her person. In addition, one of the officers noticed that Johnson's pants were unzipped and that several plastic bags which appeared to contain cocaine rocks were stuffed inside her pants. The officer removed the bags. The district court denied the motion to suppress, finding that the seizure of the gun followed a "lawful observation while the item was in open view," and that the seizure of the crack cocaine followed from a lawful arrest.
 
 
 3
 A denial of a motion to suppress evidence is reviewed for clear error. United States v. James, 40 F.3d 850, 874 (7th Cir. 1994), cert. denied, 115 S. Ct. 948 (1995). A law enforcement officer may seize an object pursuant to the "plain view" doctrine if the officer has a lawful right to be in the place from where he sees the object and if the evidentiary value of the object is immediately apparent. Horton v. California, 496 U.S. 128, 142 (1990); United States v. Wilson, 2 F.3d 226, 232 (7th Cir. 1993), cert. denied, 114 S. Ct. 1615 (1994). Johnson was lawfully stopped by the state troopers, and there is no reason to question the district court's acceptance of the troopers' testimony that the gun was in plain view when Johnson voluntarily opened the glove compartment. See United States v. Veras, 51 F.3d 1365, 1371 (7th Cir. 1995) (district court's credibility determination is "conclusive on appeal unless the court has credited exceedingly improbable testimony"). Moreover, the incriminating nature of the weapon would have been immediately apparent to the troopers because Illinois law forbids the carrying or possessing of any firearm in a vehicle. 720 ILCS 5/24-1(a)(4); see also Wilson, 2 F.3d at 232-33 (incriminating nature of weapon was obvious given Wisconsin statute proscribing easy accessibility of firearms to automobile occupants). The cocaine was then lawfully seized as the fruits of a search incident to a lawful arrest. United States v. Robinson, 414 U.S. 218 (1973). Based on this record, any challenge to the denial of the motion to suppress would be frivolous.
 
 
 4
 Similarly, the record fails to reveal any error in the trial proceedings. At trial, the state troopers testified consistently with their earlier testimony at the suppression hearing. Also, it was established that two of the three bags removed from Johnson each contained 26 to 29 smaller zippered bags filled with cocaine rock; the third bag contained a small amount of white powder cocaine. One of the state troopers stated that he saw approximately 100 empty bags lying on the floorboard of the vehicle. In addition, the government's expert witness maintained that the amount of cocaine found in Johnson's possession as well as the way in which it was packaged indicated that the cocaine was intended for distribution and not merely personal use. Cf. United States v. Kellum, 42 F.3d 1087, 1091 (7th Cir. 1994) (intent to distribute cocaine could be inferred from the amount of drugs purchased). This evidence is more than sufficient to uphold the jury verdict on the distribution count. Also, Johnson's access to the loaded gun in the glove compartment is sufficient to sustain her conviction on the firearm charge. United States v. Jackson, 51 F.3d 646, 653-54 (7th Cir. 1995) (mere proximity of a firearm to provide protection during the course of a narcotics offense is sufficient to uphold a conviction under Sec. 924(c)); James, 40 F.3d at 868.
 
 
 5
 Johnson's objections to the Presentence Investigation Report ("PSI") also provide no basis for an appeal. Johnson informed the Probation Officer preparing the PSI that retained counsel had persuaded her to commit perjury on the witness stand by telling the jury that she did not know of the cocaine. Because of her untruthful testimony and her denial of any involvement in drug trafficking, the Probation Office recommended a two-level enhancement for obstruction of justice and no reduction for acceptance of responsibility. U.S.S.G. Sec. 3C1.1; 3E1.1 (1992). Johnson objected on the ground that she received ineffective assistance of counsel when her former attorney advised her to commit perjury. The district court accepted the Probation Office's recommendations.
 
 
 6
 We will overturn the sentencing court's factual findings only if they are clearly erroneous and will give utmost deference to the court's credibility determinations. United States v. Hatchett, 31 F.3d 1411, 1418 (7th Cir. 1994). A defendant's sentence may be enhanced for obstruction of justice if the court finds that the defendant committed perjury at trial. See U.S.S.G. Sec. 3C1.1, comment. (n.3(b)); see also United States v. Dunnigan, 113 S. Ct. 1111, 1113 (1993). Specifically, the court must conclude that the defendant gave "false testimony while under oath or affirmation concerning a material matter with the willful intent to provide false testimony." United States v. Woody, No. 94-1387, slip op. at 29 (7th Cir. May 5, 1995) (citations omitted).
 
 
 7
 Here, the court held an evidentiary hearing at which both Johnson and retained counsel testified. Johnson admitted that she gave false testimony, stating that she was a cocaine addict and that she bought the cocaine to take to a party in Peoria where she planned to gratuitously distribute the drugs to her friends. She also claimed that she did not know the gun was in the car. A polygraph examination which questioned Johnson about the cocaine but not the gun judged her statements to be truthful. According to Johnson, retained counsel told her to lie about the drugs and to say that her son had left the gun in the car.
 
 
 8
 The district court concluded that Johnson gave false testimony at trial of her own free will and not upon the advice of counsel. It did not find Johnson's allegations credible because her testimony at trial was inconsistent with the defense theory presented by counsel. The attorney argued that the state troopers were not completely truthful in describing how they discovered the cocaine and that the drugs were intended for personal use rather than distribution. He never argued that Johnson was unaware of the cocaine in the vehicle. Moreover, the court did not believe that an experienced trial attorney would advise a client to testify that she was completely unaware of the cocaine found on her person in light of the state troopers' testimony and her own statement following her arrest wherein she admitted that she bought the cocaine the previous night for $450, that she moved the cocaine from her shirt pocket to her pants, and that she placed the gun in the glove compartment before she left Chicago that night. Based on Johnson's testimony at various times during the proceedings, the court believed that Johnson was a person who appeared to lie "with ease." Consequently, it did not find the polygraph evidence particularly persuasive. The court also disbelieved Johnson's assertion that she never sold crack cocaine, noting that she supported a $100 a day drug habit and owned a 1988 Cadillac outright even though she did not work and had no income. The sentencing judge presided over the entire trial and was able to observe both the attorney's and the defendant's demeanor at the sentencing hearing. Thus, we find no reversible error in its decision to credit retained counsel's testimony over Johnson's.
 
 
 9
 Likewise we cannot discern any basis to appeal the denial of the two-level reduction for acceptance of responsibility. A sentencing court may consider whether the defendant truthfully admitted the conduct comprising the offense of conviction. U.S.S.G. Sec. 3E1.1 comment. (n.1(a)). Johnson denied all culpability at trial. Even at sentencing, although she admitted to possession of cocaine, she denied any involvement in drug trafficking or knowledge of the gun in the glove compartment. Clearly, Johnson did not accept responsibility for the offenses. See United States v. Jones, 52 F.3d 697, 701 (7th Cir. 1995) (defendant did not accept responsibility where she failed to admit the full extent of her participation in tax fraud scheme); United States v. Linnear, 40 F.3d 215, 222 (7th Cir. 1994) (affirming denial of reduction where defendant attempted to minimize his role in the offense). Johnson's remaining objections to the PSI dealt with the alleged insufficiency of the evidence to convict her. We have already noted that the evidence was more than sufficient.
 
 
 10
 For the foregoing reasons, we GRANT Attorney O'Day's motion to withdraw and DISMISS the appeal.
 
 
 
 [1]
 The court commends Attorney O'Day for his diligence in drafting these comprehensive Anders briefs
 
 
 [2]
 Johnson asks us to grant O'Day's motion and to permit her to pursue her claims in a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. Sec. 2255. All claims that are based solely on the trial record, however, even ineffective assistance of counsel claims, should be presented on direct appeal or be deemed waived in a Sec. 2255 motion. Guinan v. United States, 6 F.3d 468 (7th Cir. 1993); United States v. Taglia, 922 F.2d 413, 417-18, cert. denied, 500 U.S. 927 (1991)