73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher L. RACKOWSKI, Defendant-Appellant.
 No. 95-1786.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 20, 1995.
Decided Dec. 20, 1995.
 
 Before CUMMINGS, KANNE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Defendant Christopher Rackowski pled guilty to one count of kidnapping in violation of 18 U.S.C. Sec. 1201(a)(1), and one count of using or carrying a handgun in relation to a crime of violence, in violation of 18 U.S.C. Sec. 924(c)(1). The district court sentenced Rackowski to 112 months' imprisonment. Rackowski's court-appointed counsel filed a notice of appeal, but now seeks to withdraw because he considers an appeal without merit or possibility of success. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). In his Anders brief, counsel asserts that the only challenges which Rackowski could conceivably raise on appeal concern the district court's denial of his requests for a downward departure and a two-point reduction for acceptance of responsibility. Under Circuit Rule 51(a), we notified Rackowski of his attorney's motion, and Rackowski did not respond. Because we are satisfied that counsel engaged in a thorough search of the record and because we find that there are no nonfrivolous issues for appeal, we grant counsel's motion to withdraw, and dismiss the appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988), United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993).
 
 BACKGROUND
 
 2
 In September 1993, a federal grand jury returned a two-count indictment charging Rackowski with kidnapping and carrying a firearm during a violent crime, in violation of 18 U.S.C. Secs. 1201(a)(1) and 924(c)(1). In January 1995, Rackowski pled guilty to Count I of the indictment (kidnapping) and Count I of an Information (using or carrying a handgun in relation to a crime of violence). In exchange for Rackowski's guilty plea, the government agreed to move to dismiss Count Two of the indictment and to recommend a sentence within the applicable guideline imprisonment range as determined by the court. The government also agreed not to recommend an upward departure and not to further prosecute Rackowski for possession of a Mac-10, .45 caliber, allegedly fully automatic weapon, found in his possession on August 3, 1993.
 
 
 3
 Both before and at Rackowski's sentencing hearing, Rackowski asked the district court to allow him to be treated and evaluated by an endocrinologist for his thyroid condition. The court declined his request.
 
 
 4
 At Rackowski's sentencing hearing in March 1995, the district court declined Rackowski's requests for a downward departure and a two-point reduction for acceptance of responsibility. The court then sentenced Rackowski to 52 months' imprisonment as to Count One of the indictment and to 60 months' as to Count One of the Information, to run consecutively, for a total term of imprisonment of 112 months.
 
 DISCUSSION
 
 5
 We will grant an Anders motion only when we are satisfied that counsel has conscientiously examined the case, United States v. Kellum, 42 F.3d 1087, 1096 (7th Cir.1994) (citing Anders, 386 U.S. at 744), and that the potential issues on appeal are groundless in light of legal principles and rulings. Id. (citing Eggen, 984 F.2d at 850).
 
 
 6
 One of the potential issues raised by counsel in his Anders brief is whether the district court failed to depart downward under U.S.S.G. Secs. 5K2.0 and 5K2.13 in light of Rackowski's emotional and medical problems--his marital difficulties; his drug and alcoholism problem; and his thyroid condition that allegedly led to depression and aberrant behavior.
 
 
 7
 This claim is groundless. It is well-settled that a determination to depart downward from the guidelines "is wholly within the discretion of the district court [and] there is no appellate remedy if a district court chooses not to depart." United States v. Gaines, 7 F.3d 101, 105 (7th Cir.1993); United States v. Franz, 886 F.2d 973, 978 (7th Cir.1989). A failure to depart from the guidelines is reviewable on appeal only where the "decision not to depart is the product of an erroneous belief that the judge lacked the authority to depart...." Gaines, 7 F.3d at 105. Since the record clearly demonstrates that the district court was well aware of its authority to depart downward and exercised its discretion not to depart, we would be without jurisdiction to review the district court's refusal to depart. Moreover, because Rackowski was convicted of kidnapping and carrying a handgun during a violent crime, the district court lacked authority to depart downward under Sec. 5K2.13, which applies only to non-violent offenses.
 
 
 8
 Rackowski's counsel has also identified the only other issue he considers as a possible basis for an appeal: whether Rackowski's entering into a guilty plea entitled him to a two-level reduction for acceptance of responsibility. See U.S.S.G. Sec. 3E1.1(a).
 
 
 9
 Although pleading guilty may demonstrate acceptance of responsibility, doing so does not necessarily entitle a defendant to a reduction. United States v. Panadero, 7 F.3d 691, 694 (7th Cir.1993), United States v. Pitz, 2 F.3d 723, 732 (7th Cir.1993), cert. denied, 114 S.Ct. 2141 (1994); U.S.S.G. Sec. 3E1.1, App. Note 3. Whether a defendant has accepted responsibility is a factual finding that turns upon credibility assessments. Panadero, 7 F.3d at 694. We will not reverse the district court's finding unless it is clearly erroneous. United States v. Jones, 52 F.3d 697, 700 (7th Cir.1995).
 
 
 10
 The district court found that Rackowski did not qualify for the reduction because he had not sufficiently acknowledged responsibility for his actions. The court observed that "[t]he history of this case is replete with denial of the facts by the defendant, coupled with acknowledgment ... that there's enough evidence for a conviction even though he or she may deny guilt." (Tr. of Sentencing Hearing of 3/14/95, at 151.) According to the court, Rackowski repeatedly refused to acknowledge that a kidnapping occurred, insisting instead that "it was something else, just a joy ride, it was a trip out west." Id. at 152. The court also pointed to Rackowski's lack of cooperation with the probation department. Based on this record, the district court did not commit clear error when it refused to grant Rackowski a two-level reduction for acceptance of responsibility.
 
 
 11
 Our independent review of the plea hearing transcript reveals that the district court followed the procedures outlined in Federal Rule of Criminal Procedure 11 to ensure that Rackowski's guilty plea was knowingly and voluntarily given. The court determined that Rackowski understood the nature of the charges brought against him, the factual basis for the plea, the mandatory minimum and maximum sentences which could be imposed, and the constitutional rights that would be waived by pleading guilty. Furthermore, Rackowski stated that he was not threatened or coerced into pleading guilty. There is no potentially meritorious issue for appeal arising out of Rackowski's guilty plea hearing.
 
 
 12
 Finally, Rackowski's sentencing does not raise an arguable basis for appeal. The transcript of the sentencing hearing shows that Rackowski was given the procedural protections provided in Federal Rule of Criminal Procedure 32. Defense counsel received the presentence report before the hearing and was given an opportunity to comment upon that report. The court addressed Rackowski personally and determined that he had the opportunity to read and discuss the report with his attorney. The court meticulously and thoroughly considered Rackowski's objections, and made appropriate findings. The court also allowed Rackowski to make a statement in relation to his sentence, and ensured that Rackowski was aware of his right to appeal the sentence. We find no possible meritorious issue for appeal concerning Rackowski's sentencing.
 
 CONCLUSION
 
 13
 Based on our review of the record, we hold that there is no other basis upon which Rackowski may challenge his conviction or his sentence. We therefore GRANT counsel's motion to withdraw from this appeal, and DISMISS the appeal as frivolous.