103 F.3d 134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel L. OTTO,, Defendant-Appellant.
 No. 96-1988.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 14, 1996.
Decided Nov. 26, 1996.
 
 Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Defendant Daniel L. Otto brings this criminal appeal asserting that the district court erred in denying him a two-level reduction for acceptance of responsibility under Sentencing Guideline § 3E1.1.[1] Otto was convicted after a bench trial of four counts of wire fraud in violation of 18 U.S.C. § 1343. The district court sentenced Otto to 18 months of imprisonment to be followed by three years of supervised release. Otto was also ordered to pay restitution in the amount of $13,900 to Ogden Services Corporation.
 
 
 2
 Otto was employed by Ogden Allied Security Services (Ogden) as Regional Director of Security in Chicago. Prior to trial, Otto entered into a stipulation with the government that he had defrauded his employer by creating four fictional or "ghost" employees, which he submitted time sheets for and converted the resulting paychecks for his own use. Through this scheme, Otto received $27,827.27 in payments to which he was not entitled.
 
 
 3
 The sole issue presented at trial was whether the ghost payroll information had been transmitted via computer modem to Ogden's central office in New York, meaning Otto had committed wire fraud, or by an overnight express service, as Otto contended. The bench trial found that interstate wires had been utilized. On appeal Otto contends that he is entitled to a reduction in his offense level for acceptance of responsibility, since he conceded every element of common law fraud and contested his guilt solely on the jurisdictional issue of whether interstate wire transmissions took place. We affirm the district court's denial of an acceptance of responsibility reduction, but on different grounds.
 
 
 4
 The district court denied the adjustment because even after Otto was convicted of wire fraud in a trial where it was proved beyond a reasonable doubt that interstate wires were used, Otto continued to deny that element of the crime and stated that he felt no remorse for being convicted of wire fraud. (Tr. 371-72). In response to the Presentence Investigation Report (PSR), Otto submitted a written statement to the Probation Office which stated:
 
 
 5
 I pled not guilty to the wire fraud, since I was not guilty of wire fraud. I knew and admitted to the financial fraud of Ogden. I am not guilty of the crime I was convicted of and feel no remorse for being convicted of the wrong crime because the authorities charged me with the wrong crime and I could no longer be tried for the real crime in state courts, because of the statute of limitations.
 
 
 6
 I do however feel remorse for stealing from my employer and wish I had taken other recourse than stealing to resolve my problems.
 
 
 7
 (R. 50).
 
 
 8
 The district court also stated that although the trial did not necessarily preclude the reduction in offense level, this post-conviction "statement destroys the Court's ability to allow that two point reduction." (Tr. 372). According to U.S.S.G. § 3E1.1(a), "If the defendant clearly demonstrates acceptance of responsibility for his offense," his offense level should be decreased by two levels. Application Note 2 to this section states:
 
 
 9
 This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.
 
 
 10
 Otto asserts that he has met these requirements and that his case is one of those "rare situations" where even though the defendant went to trial it was on a jurisdictional issue which would still entitle him to receive a reduction for acceptance of responsibility. The district court agreed with Otto on this point and stated that the "attack on the wire was okay," (Tr. 371) and that "the trial didn't end the chances [of receiving the reduction]." (Tr. 372). The district court denied Otto a reduction due to his letter to the U.S. Probation Department dated ten days after the court found him guilty as charged, in which he continued to deny that interstate wires were used and stated that he felt no remorse for being convicted of committing wire fraud.[2]
 
 
 11
 A district court's determination that a defendant did not accept responsibility is a finding of fact. United States v. Thomas, 86 F.3d 647, 656 (7th Cir.1996); United States v. Sandles, 80 F.3d 1145, 1150 (7th Cir.1996); United States v. Covarrubias, 65 F.3d 1362, 1367 (7th Cir.1995). "The district court's acceptance of responsibility determination is a factual decision which we subject to clear error analysis." United States v. Akindele, 84 F.3d 948, 956 (7th Cir.1996); see also, United States v. Bailey, No. 95-2504, slip op. at 7 (7th Cir. Oct. 9, 1996); United States v. Evans, 27 F.3d 1219, 1233 (7th Cir.1994). "However, questions involving the interpretation of guidelines are subject to de novo review." United States v. Yusuff, 96 F.3d 982, 989 (7th Cir.1996) (citing United States v. Owolabi, 69 F.3d 156, 162 (7th Cir.1995), cert denied, 116 S.Ct. 959 (1996)); United States v. Sandles, 80 F.3d 1145, 1147 (7th Cir.1996).
 
 
 12
 The district court's determination of whether a defendant has accepted responsibility under § 3E1.1(a) is a finding of fact that is entitled to considerable deference on appeal. United States v. Jones, 52 F.3d 697, 700 (7th Cir.1995); see also U.S.S.G. § 3E1.1, comment. (n. 5) ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review."). This deference is given because the district court is in a better position to evaluate the demeanor and statements of the defendant and assess whether he is motivated by a genuine acceptance of responsibility or a self-serving desire to minimize his own punishment. United States v. Akindele, 84 F.3d 948, 957 (7th Cir.1995). Moreover, it is the Defendant's burden to show that he has clearly accepted responsibility for his offense. United States v. Jones, 52 F.3d 697, 701 (7th Cir.1995).
 
 
 13
 This court has stated that "[w]hat the sentencing judge is to look for is a defendant's demonstration of 'genuine remorse,' or 'conscience.' " United States v. Dvorak, 41 F.3d 1215, 1217 (7th Cir.1994) (quoting United States v. Beserra, 967 F.2d 254, 256 (7th Cir.), cert. denied, 113 S.Ct. 419 (1992)). The trial court must "look beyond formalistic expressions of culpability and [ ] determine whether the defendant has manifested an acceptance of personal responsibility for his offense in a moral sense." United States v. Hammick, 36 F.3d 594, 600 (7th Cir.1994). Otto has repeatedly accepted responsibility for committing fraud against his employer and expressed remorse for his actions, while at that same time alleging that he did not commit wire fraud and felt no remorse for being convicted of that crime. (Appellant's Br. 12, 14-15; Letter to U.S. Probation Dept. From Daniel Otto of Nov. 30, 1995).
 
 
 14
 Although, the district court stated that Otto may have been able to receive the reduction even though he went to trial on the issue of whether interstate wires had been used, we disagree and affirm the district courts decision for the following reasons. Otto never admitted guilt or showed remorse for committing wire fraud, the offense of which he was charged and convicted. United States v. Evans, 27 F.3d 1219, 1233 (7th Cir.1994). "A defendant 'accepts responsibility' only when he fesses up to his actual offense." United States v. Escobar-Mejia, 915 F.2d 1152, 1153 (7th Cir.1990); see, e.g., United States v. Evans, 27 F.3d 1219, 1233 (7th Cir.1994) (quoting Escobar-Mejia ). Since Otto did not truthfully admit guilt and show remorse for the offense of conviction, wire fraud, he was not eligible at any time for an acceptance of responsibility reduction.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Both parties incorrectly state that Defendant is appealing the April 12, 1996 entry of final judgment; however the judgment was entered on April 15, 1996. Defendant's notice of appeal was timely filed. See Fed.R.App.P. 4(b), 26(a)
 
 
 [2]
 Although Otto continued to deny his guilt of wire fraud at sentencing, he has since then oscillated on that contention. In his brief to this court the Defendant stated that "he possessed an honest, but mistaken belief that the payroll information was delivered by an express courier service." (Appellant Br. 16; see also Id. at 14). This can be construed as an admission that interstate wires were used. However, in direct conflict to this belated admission, Otto's reply brief states, "The defendant never has, and probably never will, admit that there was an interstate wire nexus to his crime." (Appellant's Reply Br. 2)