108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas WILLIAMS, Defendant-Appellant.
 No. 96-3677.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 18, 1997.
Decided March 19, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Thomas Williams pleaded guilty, pursuant to a plea agreement, to filing a fictitious 1991 income tax return claiming a refund of $2,851, in violation of 18 U.S.C. § 287. Based on the information and recommendations contained in the presentence investigation report the district court adjusted upward Williams offense level by two for "more than minimal planning" and two for obstruction of justice, and declined to give a downward adjustment for acceptance of responsibility. The district court determined that Williams had a total offense level of 12 and a criminal history category of III. Williams received a sentence of fifteen months of imprisonment to be followed by three years of supervised release and was required to pay $6,420 in restitution to the Internal Revenue Service. Williams court-appointed attorney has filed a motion to withdraw as counsel, accompanied by a brief on the ground that an appeal would be frivolous. Anders v. California, 386 U.S. 738 (1967). Pursuant to Circuit Rule 51(a) this court notified Williams of his right to respond to his attorney's motion. Williams has not responded and the time to do so has expired. Upon consideration of counsel's brief, we are satisfied that he engaged in a thorough search of the record and conclude that there are no grounds for a non-frivolous appeal. Penson v. Ohio, 488 U.S. 75, 83 (1988) (quoting McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988)). Accordingly, we grant counsel's motion and dismiss the appeal.
 
 
 2
 In his Anders brief, counsel asserts that the only challenges which Williams could conceivably raise on appeal concern upward adjustment for obstruction of justice, upward adjustment for more than minimal planning, no reduction for acceptance of responsibility, the determination of his criminal history category, and the application of the Sentencing Guidelines. Williams had raised, unsuccessfully, these same five issues before the district court in his objections to the presentence investigation report. (Objections to PSR, R. 56, Anders Br.App. at 13.)
 
 
 3
 One of the potential issues raised by counsel in his Anders brief is whether the district court erred in increasing Williams' base level by two points under U.S.S.G. § 2F1.1(b)(2)(A) because the offense involved more than minimal planning. " 'More than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. § 1B1.1, comment (n. 1(f)). United States v. Channapragada, 59 F.3d 62, 65 (7th Cir.1995). Williams was charged with four counts of making false claims with offenses occurring on four separate dates between January, 1992 and March, 1992. Williams might assert that his offense did not involve more than minimal planning because someone else was responsible for the repeated acts. For instance, Williams claims that Mike Rooks, a friend of his who worked for Lightning Refund, told Williams that he could get four refunds for Williams from a single W-2. (Objections to PSR, R. 56 at 1-2, 3-4.) Williams asserts that he merely gave Rooks his W-2 all other actions for filing the four false income tax refunds claims must have been taken by Rooks. (Id.)
 
 
 4
 However, at the change of plea hearing, Williams agreed with the version of facts given by the government. (Change of Plea Tr. of July 10, 1995, at 6-8.) These facts included the statement that Williams informed his employer that his social security number was incorrect on his W-2, and that he subsequently had his employer issue a new W-2 and W-4. (Id. at 7.) Additionally, the Probation Officer who prepared the PSR testified that Williams never informed him of an individual by the name of Rooks. (Sentencing Hr'g Tr. of Oct. 10, 1996, at 23-24.) Furthermore, Walter Olgy, the special agent with the Internal Revenue Service who was assigned to the investigation regarding Williams also testified that Williams perpetrated the crimes and had personally requested new W-2 forms from two of the organizations he was employed with during 1991. (Id. at 44-47.) Agent Olgy also testified that the name Rooks did not come up in his investigation and that at the interview Williams asserted that his brother had stolen his wallet and made the false filings. (Id. at 46-47.) Therefore the district court's factual findings that there were four repeated acts over a period of time and that Williams engaged in more than minimal planning were not clearly erroneous. United States v. Granado, 72 F.3d 1287, 1290 (7th Cir.1995) (court of appeals will not disturb district court's factual findings supporting sentence unless clearly erroneous). Accordingly, an attempt to raise this issue on appeal would be frivolous.
 
 
 5
 Another potential issue identified by counsel is whether the district court erred in increasing Williams' base offense level by two for obstruction of justice. Under U.S.S.G. § 3C1.1 the offense level should be increased by two for obstruction of justice when the defendant provides "materially false information to a probation officer in respect to a presentence or other investigation for the court." U.S.S.G. § 3C1.1, comment (n. 3(h)). The failure of a defendant to give a truthful and accurate account of his prior criminal record is an appropriate ground for an increase for obstruction of justice. United States v. Owolabi, 69 F.3d 156, 163 (7th Cir.1995), cert. denied, 116 S.Ct. 959 (1996).
 
 
 6
 Williams received an upward adjustment for obstruction of justice because at the initial interview with the pretrial services officer, Williams denied that he had any prior criminal history other than a traffic arrest. However, when a record check was conducted it was discovered that in Georgia, Williams had been convicted of trespassing in 1987 and shoplifting in 1988, as well as having a warrant issued for his failure to pay money ordered by the court and perform community service work. When Williams was confronted with these charges at the presentence interview he continued to deny ever being convicted of any crimes in Georgia. An additional record check conducted by probation in Georgia provided the same information that was obtained by the pretrial services officer. (PSR at 5.)
 
 
 7
 In Williams' objections to the PSR, he admitted that he forgot that he committed and pleaded guilty to trespassing, but maintained that he could not have committed the shoplifting offense in Georgia because he was working in Indiana at the time it was committed.[1] However, the record search revealed that the shoplifting charge was committed by Williams, who gave the alias of Henry Hopkins and a social security number with one incorrect digit. The district court further found a positive fingerprint match and photograph to be credible evidence that Williams had committed the shoplifting offense. (PSR at 5, Warrant for Arrest, Government's Ex. 1.) As the district court's factual finding that Williams provided false information about his criminal history was not clearly erroneous, any challenge to the two-level increase for obstruction of justice would be frivolous.
 
 
 8
 A third potential issue that counsel has identified is whether the district court erred in not giving Williams a two-point reduction in his offense level for acceptance of responsibility. Under U.S.S.G. § 3E1.1(1), a defendant who "clearly demonstrates acceptance of responsibility for his offense" should have his offense level decreased by two. Williams might assert that he is entitled to this decrease because his plea agreement stated that the government would recommend a reduction under § 3E1.1. However, the plea agreement was contingent on Williams continuing to demonstrate an acceptance of responsibility. (Petition to Enter a Change of Plea, R. 28 at 4.) The agreement was also not binding on the court. (Id.)
 
 
 9
 Under § 3E1.1 when a defendant's conduct results in an enhancement for obstruction of justice, it ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. U.S.S.G. § 3E1.1, comment (n. 4), United States v. Lallemand, 989 F.2d 936, 938 (7th Cir.1993). Additionally, the determination of the sentencing judge is entitled to great deference on review because the "judge is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1, comment (n. 5), United States v. Jones, 52 F.3d 697, 700 (7th Cir.1995). The district court did not commit clear error in determining that Williams was not entitled to an acceptance of responsibility reduction on account of his obstruction of justice. Therefore, an appeal on this issue would also be frivolous.
 
 
 10
 A fourth potential issue that Williams could raise on appeal is whether the district court erred in setting his criminal history category at III, rather than I. This issue would be identical to his obstruction of justice claim because Williams' criminal category was calculated based on his prior convictions and parole status as required under U.S.S.G. § 4A1.1. In light of Williams' trespass and shoplifting offenses in Georgia any appeal on this issue would also be frivolous.
 
 
 11
 The final potential issue that Williams could raise on appeal is whether the district court improperly applied the Sentencing Guidelines. Williams' total offense level was computed by starting with a base offense level of 6 as required for an offense involving fraud under U.S.S.G. § 2F1.1(a), and then adding two points each for obstruction of justice, an offense involving more than minimal planning, and a loss exceeding $5000 U.S.S.G. § 2F1.1(b)(1)(C)). Therefore, Williams' total offense level was properly determined to be 12. Williams' criminal history level was also properly determined to be III as a result of his convictions for trespassing and shoplifting, his probationary status, and his outstanding warrant. As the district court did not commit clear error in determining that Williams' total offense level was 12 and his criminal history category III, it would be frivolous to claim that Williams' imprisonment range was incorrectly determined to be fifteen to twenty-one months. Pursuant to the plea agreement, Williams was sentenced at the lower end of the Guideline. (Petition to Enter a Change of Plea, R. 28 at 5.) As Williams' sentence was at the low end of the Guidelines range, we lack jurisdiction to review the district court's decision not to impose a lower sentence. United States v. Beal, 960 F.2d 629, 636 (7th Cir.1992).
 
 
 12
 For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.
 
 
 
 [1]
 In support of this assertion Williams submitted two letters from the Records Coordinator for Gary, Indiana, one of which reflects that he was working with the Gary Fire Department at the time the shoplifting occurred. (Objections to PSR, R. 56, Ex. B, Anders Br.App. at 22.) However, the other letter does not support this contention because it states that Williams did not begin his employment with the Fire Department until after the shoplifting offense was committed. (Objections to PSR, R. 56 Ex. A. Anders Br.App. at 21.)