116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Flora JOHNSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-2282.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997*
Decided June 25, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois, No. 96 C 1041; Michael M. Mihm, Chief Judge.
 Before COFFEY, FLAUM, KANNE, Circuit Judges.
 
 ORDER
 
 1
 Flora Johnson appeals the district court's denial of her motion to vacate her firearms conviction. 28 U.S.C. § 2255, We affirm.
 
 
 2
 A jury convicted Johnson of knowingly possessing with intent to distribute crack cocaine in violation of 21 U.S.C § 841(a)(1) (Count I), and of using and carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (Count 2). Johnson immediately filed a motion for a new trial on the ground that her attorney advised her to present false testimony at her trial. After a hearing, the district court denied her motion and sentenced Johnson to 78-months' imprisonment on Count I and, on Count 2, to a 60-month term of imprisonment to run consecutively with the term imposed under Count 1. We dismissed her appeal as frivolous in an unpublished order and assume familiarity with the facts presented therein. United States v. Johnson, No. 93-2983, 1995 WL 417618 (7th Cir. July 13, 1995).
 
 
 3
 In her § 2255 motion Johnson maintained that, in light of the decision in Bailey v. United States, 116 S.Ct. 501 (1995), there was insufficient evidence presented at trial to sustain her firearm conviction.[1] Additionally, she claimed that, under Bailey, Count 2 of the indictment failed to charge her with an offense. Johnson did not challenge her conviction for drug trafficking. The district court denied her motion because, although there was insufficient evidence for a rational jury to convict Johnson of actively employing the gun that was discovered in the glove compartment of her car as is now required under Bailey,[2] there was sufficient evidence for a rational jury to convict her of carrying the gun in relation to her drug trafficking offense, Further, the court found that the charging language in the indictment mirrored the language of § 924(c), and, therefore, adequately alleged a violation of that statute. Finally, the court held that it could not address the issue of whether the jury was properly instructed (and therefore whether the jury could properly have found her guilty of carrying the gun) because Johnson did not challenge the jury instructions in her § 2255 motion.
 
 
 4
 When evaluating a challenge to the sufficiency of the evidence under Bailey, we apply the same framework used to examine flawed jury instructions, United States v. Golden, 102 F.3d 936, 946-47 (7th Cir.1996); United States v. Robinson, 96 F.3d 246, 250 (7th Cir.1996). Namely, we will affirm a § 924(c)(1) conviction outright if all of the weapons evidence presented at trial qualifies as either active employment or carrying evidence; we will reverse outright if none of the evidence presented qualifies as active employment or carrying; and we will reverse and remand if some of the evidence qualifies as active employment or carrying, but some qualifies as mere possession or inactive use. Golden, 102 F.3d at 947; Robinson, 96 F.3d at 250. In other words, we must determine whether a properly instructed jury would necessarily have found that the defendant actively employed or carried the weapon. See United States v. Cooke, 110 F.3d 1288, 1294 (7th Cir.1997); United States v. Baker, 78 F.3d 1241, 1247 (7th Cir.1996), cert. denied, 65 USLW 3754 (1997) Here, the district court correctly found that all of the relevant evidence presented at Johnson's trial qualified as evidence that she carried the gun. Specifically, all of the evidence presented established that the gun was in the glove compartment of the car Johnson was driving while she was committing the drug trafficking offense. It is irrelevant that Johnson was not carrying the gun on her person. We have repeatedly defined "carry" as "to move while supporting: TRANSPORT" see, e.g., United States v. Molina, 102 F.3d 928, 930 (7th Cir.1996); Baker, 78 F.3d at 1247, and do not require the firearm to be found on a defendant's person, see, e.g., Cooke, 110 F.3d at 1295; United States v. Smith, 80 F.3d 215, 221 (7th Cir.1996). Moreover, we have held that the carry prong of § 924(c) is satisfied when the evidence establishes that a defendant transported a firearm in a car. See Molina, 102 F.3d at 932: Baker, 78 F.3d at 1247; see also United States v. Muscarello, 106 F.3d 636, 638 (5th Cir.1997) (weapon transported in glove compartment satisfies the "carry' prong of § 924(c)); United States v. Barry, 98 F.3d 373, 377 (8th Cir.1996) (same); United States v. Farris, 77 F.3d 391, 195-96 (11th Cir.1996) (same).
 
 
 5
 Johnson's principle argument is that the gun was not readily accessible to her because the glove compartment was locked and, therefore, she did not "carry" the gun. See Baker, 78 F.3d at 1246 ("a defendant who transports a gun ... within his reach, available for immediate use. may--consistent with Bailey--be convicted of carrying a firearm under § 924(c)(1)"). She claims that, in order to get the gun, she would have had to turn off the car, take the key out of the ignition and open the glove compartment. However, Johnson did not present any evidence of this claim at trial, so the jury could not have weighed this information in making its decision. Moreover, testimony by both of Johnson's witnesses (herself and Mr. McCoy, a friend who was in the car when Johnson was arrested) suggest that the glove compartment was not locked or in any way difficult to access. (Tr. of Dec. 29, 1992 at 156 (Mr. McCoy testifying that Johnson just reached across him and opened the glove box after the officer asked to see her insurance card); id. at 169 (Johnson testifying that after officer asked to see her insurance card she went in the glove compartment to get it).
 
 
 6
 Johnson also maintains that the government did not establish that she knew the gun was in the glove compartment and, thus, there was insufficient evidence to convict her under § 924(c)(1). The Supreme Court's decision in Bailey did not affect the knowledge element of § 924(c)(1). Cf. Broadway v. United States, 104 F.3d 901, 903-04 (7th Cir.1997) (Bailey did not affect the interpretation of the "in relation to" element). Therefore, even if Johnson is correct, this claim was available on direct appeal and she has waived it by failing to raise it then. Id.
 
 
 7
 As to Johnson's claim that the indictment was inadequate, the district court correctly determined that it sufficiently alleged a violation because it mirrored the language of § 924(c).
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 In Bailey, the Supreme Court held that a conviction under the use prong of § 924(c)(1) requires proof that the defendant actively employed the firearm in relation to the drug offense. Bailey, 116 § . Ct. at 505
 
 
 [2]
 The government conceded that the evidence was insufficient to support a conviction under the active employment use standard announced in Bailey